# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

MILZA ARIAS on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

EL ANGEL MARKET, LLC
RODOLFO GUZMAN and
GLORIA ECHEVARRIA,

    Defendants.
_____

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants as hourly employees to work long hours for low wages in Defendants' Mexican restaurant and market in Aurora, Colorado.

2. Defendants refused to pay their hourly employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1(4) because the Order requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also violated the Colorado Wage Claim Act (the "CWCA") C.R.S. § 8-4-101 *et seq.* because that Act requires employers to pay their employees all their earned, vested and determinable wages upon the termination of employment. The CWCA imposes penalties on employers who fail to pay all wages due within 14 days of an employee's written demand for their wages.

6. Plaintiff seeks compensation for Defendants' violation of the CWCA and seeks, on her own behalf and on behalf of all other similarly-situated hourly employees of Defendants, compensation for Defendants' violations of the FLSA and MWO.

## **PARTIES, JURISDICTION, AND VENUE**

7. Plaintiff Milza Arias was employed by Defendants from approximately October 15, 2017 through approximately November 3, 2018. Plaintiff Arias' signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

8. Defendant El Angel Market, LLC is a registered Colorado limited liability company doing business at 3103 Peoria St., Unit 209, Aurora, Colorado 80010.

9. Defendant Rodolfo Guzman is an owner and manager of El Angel Market, LLC.

10. Defendant Gloria Echevarria is an owner and manager of El Angel Market,

LLC.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the CWCA and MWO. 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS**

14. Plaintiff and those similarly situated worked as hourly employees in Defendants' El Angel Market and restaurant in Aurora, Colorado.

15. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, Defendants refused to pay them overtime wages for overtime hours worked.

16. For example, during the period from approximately December, 2017 through approximately June, 2018, Plaintiff Arias generally worked 12-hour days, from approximately 9:00 A.M. until approximately 9:00 P.M., 6 days per week for an approximate total of 72 hours per week.[1] Rather than pay her overtime wages, Defendants hid her overtime hours by issuing her weekly paychecks showing up to 40 hours of work, and paying her off-the-paycheck, in cash, and at her regular rate of pay for her overtime hours.

17. Defendants subjected all their hourly employees to the same policy and

---

[1] Plaintiff Arias occasionally took meal period breaks which were recorded in Defendants' timekeeping system and were not paid. Plaintiff Arias' total hours worked per week were fewer when she was afforded meal period breaks.

practice of failing to report overtime hours on their paychecks, and paying their employees off-the-paycheck, in cash, and at their regular rate of pay for overtime hours worked.

18. On March 7, 2019, Plaintiff sent to Defendants a written demand for payment of her earned, vested and determinable wages. As of the date of this filing, Defendants have made no legal tender of Plaintiff's wage due.

19. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

20. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

21. Defendant Rodolfo Guzman, at all material times, exercised operational control and/or financial control over the El Angel Market, LLC enterprise and exercised control over his employees' terms and conditions of employment. For example, Defendant Guzman participated in making all important financial decisions regarding the enterprise, controlled his employees' rates of pay, and participated in making the decision to pay his employees in cash at their regular rate of pay for overtime hours worked.

22. Defendant Gloria Echevarria, at all material times, exercised operational control and/or financial control over the El Angel Market, LLC enterprise and exercised control over her employees' terms and conditions of employment. For example, Defendant Echevarria makes hiring decisions, participated in making all important financial decisions regarding the enterprise, controlled her employees' rates of pay, and

participated in making the decision to pay her employees in cash at their regular rate of pay for overtime hours worked.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

23. Plaintiff brings her FIRST CLAIM, brought under to the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All hourly employees who worked on or after September 16, 2016.

24. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

25. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

## RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM

26. Plaintiff asserts her SECOND CLAIM, brought under the MWO, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

27. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All hourly employees who worked on or after September 16, 2013.

28. This action is properly brought as a class action for the following reasons.

29. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked.

30. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-75 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

31. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages for overtime hours worked.

32. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime wages. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policies of failing to pay overtime and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

34. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

35. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

36. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

37. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

38. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

39. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

40. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

41. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

42. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

43. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

44. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

45. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

46. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

47. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

48. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

49. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

50. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff and others are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the MWO, 7 CCR 1103-1

52. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

53. Defendants were Plaintiff's and those similarly situated's "employers" as that term is defined by the MWO because they employed Plaintiff and others. 7 CCR 1103-1(2).

54. Plaintiff and others were Defendants "employees" as that term is defined by the MWO because they performed labor under the control of Defendants and that labor was the primary work of these employers. 7 CCR 1103-1(2).

55. Defendants engage in a Food and Beverage enterprise that prepares and offers for sale food and beverages for consumption either on or off the premises and is thus covered by the MWO. 7 CCR 1103-1(2)(A).

56. Defendants violated the MWO when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4).

57. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

58. Plaintiff and others are entitled to recover unpaid wages, attorney fees and

9

costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(18).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA, C.R.S. § 8-4-101 *et seq.*

59. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

60. Defendants were Plaintiff's "employers" as that term is defined by the CWCA because they employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

61. Plaintiff was Defendants' "employee" as that term is defined by the CWCA because she performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor she would perform. C.R.S. § 8-4-101(5).

62. Defendants violated the CWCA when they failed to pay Plaintiff all her earned, vested and determinable wages upon her separation from employment. C.R.S. § 8-4-109.

63. Defendants incurred statutory penalty liability when they failed to make a legal tender of her wages due within 14 days of receipt of Plaintiff's written demand for wages. *Id*.

64. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

65. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to her, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. Plaintiff and the 216(b) Class be awarded unpaid overtime premiums;

c. Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

d. Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b);

f. Plaintiff be awarded a service award in recognition of her work as representative of the 216(b) Class; and

g. Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. Plaintiff be certified as the class representative of the Rule 23 Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

f. Plaintiff be awarded a service award in recognition of her work as representative of the Rule 23 Class;

g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

a. Plaintiff be awarded the unpaid balance of the full amount of wages due per C.R.S. § 8-4-109(1);

b. Plaintiff be awarded penalties per C.R.S. § 8-4-109(3);

c. Plaintiff be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

d. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

Sarah Parady
Lowrey-Parady
1725 High Street, Suite 1
Denver, CO 80218
303.593.2595
sarah@lowrey-parady.com

*Attorneys for Plaintiff*